UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARGIN SUE DUBOSE,** § | | |
| § | | |
| **Plaintiff,** § | | |
| v. § | | **CIVIL ACTION NO.** |
| § | | |
| **MICHAEL J. ASTRUE,** § | | **SA-08-CV-0188 FB (NN)** |
| **Commissioner of the Social** § | | |
| **Security Administration,** § | | |
| § | | |
| **Defendant.** § | | |

**REPORT AND RECOMMENDATION**

**TO:**   Honorable Fred Biery
         United States District Judge

The purpose of this report and recommendation is to recommend dismissal of this case. Plaintiff Margie Sue Dubose, acting pro se, filed this case to challenge the decision of the Commissioner of the Social Security Administration (SSA), denying her applications for Disability Income Benefits and Supplemental Security Income. After granting Dubose's request to proceed in forma pauperis,[1] I issued a scheduling order directing Dubose to file a brief, setting forth the errors she contends entitle her to benefits.[2] I directed DuBose to file her brief by June 23, 2008. Dubose did not file a brief. I then issued a show cause order on July 7, 2008 and directed Dubose to show cause in writing why her case should not be dismissed for failing to

---

[1] Docket entry # 2.

[2] Docket entry # 11.

comply with an order of the court.³  I instructed Dubose that she could respond by filing a brief.  I directed Dubose to file a brief or a written response to the show cause order by July 21, 2008. Dubose did not file a brief or otherwise respond to the show cause order.  Consequently, dismissal is appropriate under Rule 41(b)⁴ for failing to prosecute and/or failing to comply with my earlier orders.

Because the district judge may be reluctant to dismiss a pro se case under these circumstances, I reviewed the Commissioner's decision and the SSA record to determine whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.⁵  As explained below, I have determined that substantial evidence supports the ALJ's conclusion that Dubose is not disabled and the Commissioner applied the proper legal standards in evaluating the evidence.

Dubose was 50 years old at the time of her hearing before the ALJ.⁶  DuBose alleged an onset date of November 7, 2002—the date of a car accident.⁷  Dubose sustained injury to her fingers and neck.  In her motion to proceed in forma pauperis, Dubose complained that her attorney was incompetent because he didn't have her medical records at her hearing, but the

---

³Docket entry # 12.

⁴*See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

⁵*Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

⁶SSA record, p. 19.

⁷*Id*. at p. 677.

transcript of the hearing makes it clear that the ALJ and the attorney had Dubose's medical records at the hearing—hundreds of pages going back to 1992.

At step one of the disability-determination process, the ALJ determined that Dubose had not engaged in substantial gainful activity since her alleged onset date,[8] although Dubose testified at hearing on April 19, 2007 that she last worked in March 2007.[9]  At step two, the ALJ determined that Dubose has the following severe impairments: status post fusion of the cervical spine at the C5-7 level, persistent complaints of joint pain with possible fibromyalgia, depression/anxiety, and possible borderline intellectual functioning.[10]  At step three, the ALJ determined that these impairments do not meet or medically equal one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1.[11]  At step four, the ALJ determined that Dubose has the residual functional capacity to perform a range of light work with the following limitations: lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk six hours of an eight-hour day with normal breaks; and sit six hours of an eight-hour day with normal breaks; occasional bending, squatting, or kneeling; and simple, repetitive tasks.[12]  At step five, the ALJ determined that Dubose cannot perform her past relevant work, but she is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.[13]

---

[8]*Id*. at p. 14.

[9]*Id*. at p. 680.

[10]*Id*. at p. 14.

[11]*Id*. at p. 16.

[12]*Id*. at p. 17.

[13]*Id*. at p. 20.

The ALJ concluded that Dubose is not disabled within the meaning of the Social Security Act.[14]

The following substantial evidence supports the ALJ's conclusion: (1) the physical residual functional capacity assessment, dated July 29, 2005, by Dr. K. Rowlands, determining that Dubose can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk (with normal breaks) for about six hours in an eight-hour day, and sit about six hours in an eight-hour day;[15] (2) the report of psychological evaluation, dated April 27, 2006, by Dr. Arthur G. Bouton, diagnosing Dubose with dsythymic disorder, late onset, anxiety disorder NOS, borderline intellectual functioning, reporting that she demonstrated average ability for routine and repetitive clerical types of tasks such as coding, and opining that her prognosis is favorable;[16] (3) the physical residual functional capacity assessment, dated May 30, 2006, by Dr. Robert L. Jones, determining that Dubose can lift ten pounds or less continuously, lift ten to twenty pounds occasionally, bend, squat or kneel occasionally, stand for one to two hours at a time, sit for two to four hours at one time, walk for two to four hours at one time, climb one to two flights of stairs, climb ramps, and work eight to ten hours in one day;[17] (4) the report of orthopaedic consultation, dated June 19, 2006, by Dr. Robert L. Jones, tracing Dubose's medical history and opining that Dubose fits into the light work category;[18] (5) the medical expert's testimony that Dubose can lift 20 pounds occasionally and 10 pounds frequently, sit, stand and walk for at least six hours in an

---

[14]*Id*. at p. 21.

[15]*Id*. at pp. 386-94.

[16]*Id*. at pp. 435-44.

[17]*Id*. at pp. 448-49.

[18]*Id*. at pp. 445-47.

eight-hour day;[19] and (6) the vocational expert's testimony about jobs that a person with Dubose's limitations can perform.[20]

There are two letters in the case file addressing the subject of disability, but the letters are not material to the Commissioner's decision. The first letter is part of the record because Dubose submitted the letter to the SSA Appeals Council.[21] In the letter, dated December 3, 2007, Dr. Richard Rowland reported that Dubose's condition had worsened and should be addressed as soon as possible by a neurosurgeon. Dr. Rowland urged that Dubose's application for disability be expedited because she needs back surgery. The letter did not specify what condition had worsened or why Dubose needs back surgery. The letter, however, is not material to the Commissioner's decision because it falls beyond the time period for which benefits were denied.[22] The second letter is in the case file, but is not part of the SSA record. I have not determined how the letter became part of the case file. The letter was written by Dr. Urfan A. Dar on January 28, 2008 and opines that Dubose is "disabled and not capable of performing any

---

[19]*Id*. at pp. 706-07.

[20]*Id*. at pp. 715-17.

[21]*Id*. at p. 8.

[22]"When new evidence becomes available after the [Commissioner's] decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. To justify a remand, 42 U.S.C. § 405(g) requires that the evidence is "new" and "material" as well as a showing of "good cause" for failing to provide this evidence at the original proceedings." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). The timing aspect of "materiality" requires new evidence to relate to the time period for which benefits were denied, *see Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994)—here, November 7, 2002 to August 30, 2007.

meaningful activity without aggravating her symptoms.[23]  Like Dr. Rowland's letter, Dr. Dar's letter is immaterial to the Commissioner's decision because it falls beyond the time period for which benefits were denied.  The district judge can dismiss this case, knowing that the Commissioner's decision is proper.

### Recommendation

I recommend dismissal of this case because Dubose failed to prosecute this case and comply with my orders.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[24]  **Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in

---

[23] *See* p. 2 of the red folder, marked "court copy, medical record for Margie Sue Dubose, 2000-2008."

[24] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

this report shall bar the party from a *de novo* determination by the district court.[25]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[26]

**SIGNED** on July 30, 2008.

                                              *Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[25] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[26] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).